UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL RUTTENBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC., NIKHIL M. VARTY and ANTHONY D. DiLUCENTE,<br><br>Defendants. | Civil Action No. 1:20-cv-02976<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ....................1

II. FACTUAL BACKGROUND ....................2

III. ARGUMENT ....................4

A. Teamsters 237 Funds Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff ....................4

1. Teamsters 237 Funds' Motion Is Timely ....................5

2. Teamsters 237 Funds Have the Largest Financial Interest in the Relief Sought by the Class ....................5

3. Teamsters 237 Funds Otherwise Satisfy Rule 23 ....................5

B. The Court Should Approve Teamsters 237 Funds' Choice of Lead Counsel ....................8

IV. CONCLUSION ....................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865- AG (C.D. Cal.) ....................................................................9

*In re Am. Realty Capital Props., Inc. Litig.*,
No. 1:15-mc-00040-AKH, ECF No.1316
(S.D.N.Y. Jan. 21, 2020)....................................................................8, 9

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) ....................................................................10

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................................................................7

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) ....................................................................10

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.)....................................................................10

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ....................................................................10

*In re UnitedHealth Group Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.)....................................................................10

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
No. 3:15-cv-07658-MAS-LHG (D.N.J.)....................................................................9

*Jones v. Pfizer, Inc.*,
No. 1:10-cv-03864-AKH (S.D.N.Y. July 30, 2015)....................................................................9

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) ....................................................................10

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
No. 1:08-cv-10783 (S.D.N.Y. May 2, 2016) ....................................................................9

*Purple Mountain Tr. v. Wells Fargo & Co.*,
No. 1:18-cv-01318-ER (S.D.N.Y. June 20, 2018)....................................................................8

*Smilovits v. First Solar, Inc.*,
No. 2:12-cv-00555-DGC (D. Ariz.)....................................................................9

**Page**

*Villella v. Chem. & Mining Co. of Chile Inc.*,
2015 WL 6029950 (S.D.N.Y. Oct. 14, 2015) ....................6, 7, 8

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78j(b) ....................1
§78t(a) ....................1
§78u-4 ....................1
§78u-4(a)(1) ....................4
§78u-4(a)(3)(A) ....................4, 5
§78u-4(a)(3)(A)(i) ....................4
§78u-4(a)(3)(B) ....................4
§78u-4(a)(3)(B)(i) ....................4
§78u-4(a)(3)(B)(iii) ....................5
§78u4(a)(3)(B)(v) ....................8

Federal Rule of Civil Procedure
Rule 10b-5 ....................1
Rule 23 ....................1, 5, 6
Rule 23(a) ....................5, 6
Rule 23(a)(4) ....................7

17 C.F.R.
§240.10b-5 ....................1

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of purchasers of ServiceMaster Global Holdings, Inc. ("ServiceMaster" or the "Company") common stock between February 26, 2019 and November 4, 2019, inclusive (the "Class Period"), alleging violations under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 *et seq*.[1] Proposed lead plaintiff Teamsters 237 Funds hereby move this Court for an Order: (i) appointing Teamsters 237 Funds as Lead Plaintiff in the Action pursuant to the PSLRA; and (ii) approving Teamsters 237 Funds' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel. Teamsters 237 Funds are the most adequate plaintiff as defined by the PSLRA because they possess a significant financial interest in the Action, *see* Rosenfeld Decl., Exs. B-C,[2] and they otherwise satisfy the requirements of Federal Rule of Civil Procedure 23 in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

Accordingly, the Teamsters 237 Funds should be appointed Lead Plaintiff, and their selection of Lead Counsel should be approved.

---

1 A substantially similar case was filed in the Middle District of Tennessee on June 1, 2020, *Teamsters Local 237 Welfare Fund v. ServiceMaster Global Holdings, Inc.*, No. 3:20-cv-00457. Teamsters Local 237 Additional Security Benefit Fund, Retirees' Benefit Fund, Supplemental Fund for Housing Authority Employees, Welfare Fund, and Welfare Fund Pension Plan (collectively, "Teamsters 237 Funds") are also filing a lead plaintiff motion in that case and, if appointed Lead Plaintiff, will seek to coordinate the actions in the Middle District of Tennessee, where Teamsters Local 237 Welfare Fund filed the complaint.

2 References to the "Rosenfeld Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld in of Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, dated June 9, 2020, and submitted herewith.

## II. FACTUAL BACKGROUND

ServiceMaster is a provider of essential services to residential and commercial customers in the termite, pest control, cleaning, and restoration markets. ServiceMaster's largest and most profitable business segment is Terminix, a termite and pest control business that operates primarily in the United States. Among other services, Terminix offers an annual coverage plan for its termite customers, which indemnifies the customer against the cost of treatment and repairs. ServiceMaster common stock trades on the New York Stock Exchange under the ticker SERV.

The complaint alleges that during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding ServiceMaster's business and prospects. Defendants reassured investors that ServiceMaster was successfully executing its transformation plan for the Terminix business and that results in the segment would drive positive trends in the second half of 2019. Behind the scenes, however, the Terminix business had been beset by costly termite litigation for the past several years, primarily related to Formosan activity in Mobile, Alabama. The Formosan termite is an invasive termite species native to Southern China. Not only had damage from Formosan termite infestations materially impacted ServiceMaster's results and operations, but, unbeknownst to investors, the Company had been taking measures to mitigate this trend since at least early 2018. These undisclosed adverse facts rendered defendants' positive Class Period statements regarding the Company's Terminix business materially false and misleading.

On October 22, 2019, ServiceMaster announced disappointing preliminary financial results for the third quarter of fiscal 2019. The Company stated it had generated net income of only $25 million, a 65% year-over-year decline, during the quarter. The Company also revised downward its projected full-year adjusted earnings before interest, taxes, depreciation, and amortization to a range

of $415 to $425 million, down from $435 to $445 million. The Company blamed the poor results on losses stemming from Formosan termite activity in Mobile, Alabama. ServiceMaster also revealed that the issues had been going on "over the last few years" and had grown so bad that the Company had made numerous operational changes over the preceding 18 months. ECF No. 1 at ¶62. In addition, the Company announced the sudden departure of the President of Terminix Residential. On this news, the price of ServiceMaster shares declined over 20%.

Then, on November 5, 2019, ServiceMaster issued a release announcing its third quarter 2019 financial results in which it discussed its "challenging quarter," including the impact of certain "legacy risks," including "termite damage claims." ECF No. 1 at ¶66. On an earnings call the same day, the Company's CEO stated that the increase in termite litigation had impacted termite revenue by 7% to 8%, roughly double the historical impact, and that increased claims would continue to impact the Company throughout 2020. The Company's CFO disclosed that, in addition to "$2 million in increased damage claims expense due to the increase in Formosan termite activity in the Mobile, Alabama area," the Company "expect[ed] a year-over-year increase from damage claims of approximately $4 million in the fourth quarter." *Id*. at ¶69. On this news, the price of ServiceMaster shares declined 9%.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of ServiceMaster common stock, Teamsters 237 Funds and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. Teamsters 237 Funds Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on April 10, 2020. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [A]ct is the person or group of persons that--
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Teamsters 237 Funds meet these requirements and should be appointed Lead Plaintiff.

**1. Teamsters 237 Funds' Motion Is Timely**

The April 10, 2020 published statutory notice advised putative class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by June 9, 2020. *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this motion is being timely filed by the statutory deadline, Teamsters 237 Funds are eligible for appointment as lead plaintiff.

**2. Teamsters 237 Funds Have the Largest Financial Interest in the Relief Sought by the Class**

As evidenced by their Certification, Teamsters 237 Funds purchased 18,805 shares of ServiceMaster stock during the Class Period and suffered approximately $325,000 in losses as a result of defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B, C.[3] To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Teamsters 237 Funds meet the PSLRA's prerequisite of having the largest financial interest.

**3. Teamsters 237 Funds Otherwise Satisfy Rule 23**

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or

---

[3] Teamsters 237 Funds' loss is the same under both the first-in, first-out and last-in, first-out accounting methodologies.

fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *See, e.g.*, *Villella v. Chem. & Mining Co. of Chile Inc.*, 2015 WL 6029950, at *6 (S.D.N.Y. Oct. 14, 2015) (Ramos, J.). Teamsters 237 Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

'"The typicality requirement is satisfied when the class members' claims "arise [ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Villella*, 2015 WL 6029950, at *7 (citation omitted). Teamsters 237 Funds satisfy this requirement because, just like all other class members, they: (1) purchased ServiceMaster common stock during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby. Thus, Teamsters 237 Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

"'The adequacy requirement is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2)there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'"" *Villella*, 2015 WL 6029950, at *7 (citation omitted). Here, Teamsters 237 Funds are adequate representatives of the class because their interests

are aligned with the putative class and there is no evidence of any antagonism between Teamsters 237 Funds' interests and the class's interests. Moreover, Teamsters 237 Funds' substantial losses provide the requisite interest to ensure vigorous advocacy. In addition, as shown below, Teamsters 237 Funds have retained competent and experienced counsel to prosecute these claims.

Teamsters 237 Funds are a family of funds benefitting members and beneficiaries affiliated with Teamsters Local 237, a union of approximately 24,000 New York City employees who work in government agencies and several municipalities, libraries, and schools on Long Island.[4] Not only are the Teamsters 237 Funds experienced fiduciaries, they also have experience serving in the role of lead plaintiff. *See* Rosenfeld Decl., Ex. B. Indeed, Teamsters 237 Funds are precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *Villella*, 2015 WL 6029950, at *6 ("Tyne and Wear is the only remaining movant that is an institutional investor, which is 'the type of investor Congress prefers as lead plaintiff.'") (citation omitted). Thus, Teamsters 237 Funds satisfy the adequacy requirements of Rule 23(a)(4).

Because Teamsters 237 Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

---

4 Additional details concerning Teamsters 237 Funds can be found at https://www.local237.org /benefits.

### B. The Court Should Approve Teamsters 237 Funds' Choice of Lead Counsel

"The PSLRA provides that '[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Villella*, 2015 WL 6029950, at *8 (citing 15 U.S.C. §78u4(a)(3)(B)(v)). "There is a 'strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.'" *Id.* (citation omitted). Here, Teamsters 237 Funds have selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[5] Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Villella*, 2015 WL 6029950, at *8 ("[T]he Court, like many others in this Circuit before it, concludes that Robbins Geller 'is experienced in securities class action litigation and qualified to conduct this lawsuit."') (collecting cases) (citation omitted); *Purple Mountain Tr. v. Wells Fargo & Co.*, No. 1:18-cv-01318-ER, ECF No. 24 at 3 (S.D.N.Y. June 20, 2018) (Ramos, J.) (appointing Robbins Geller as lead counsel and finding that "Robbins Geller Rudman & Dowd LLP, is a law firm experienced in litigating complex securities issues"); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No.1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities

---

5 For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job."); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations.").

Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) (pending final approval). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-

00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[6]

Thus, the Court can be assured that by approving Teamsters 237 Funds' choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV. CONCLUSION

Teamsters 237 Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Teamsters 237 Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: June 9, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

6 *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc*., No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 9, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld

DAVID A ROSENFELD

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:20-cv-02976-ER Ruttenberg v. ServiceMaster Global Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jason Daniel Gerstein**
  jgerstein@mwe.com,DocketFlow@mwe.com,mco@mwe.com
- **Francis Paul McConville**
  fmcconville@labaton.com,HChang@labaton.com,lpina@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)